## ECONOMY MORTGAGE CO v BOULEVARD LAND & MORTGAGE CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 8753. Decided April 29, 1929

John A Eldon, Cleveland, for Economy Co.
Efros & Efros, Cleveland, for Boulevard Co.

VICKERY, PJ.

I think the books may be searched in vain for a parallel case.

The method The Economy Mortgage Company used to get relief was entirely unknown and unwarranted in our practice of law, and the court below was absolutely right in sustaining the demurrer.

Shorn of all verbiage and legal phraseology, what is it the plaintiff is seeking to do by this amended petition? It is to have the court declare it to be assignee of its own mortgage, when the land upon which that mortgage was given had been foreclosed and it had purchased the mortgaged premises.

Now we are not saying necessarily at

this time that The Economy Mortgage Company has no rights, but this member of the court does think that they cannot be reached in the way that is sought in the instant case, nor have those rights been attacked yet. If Efros would bring a suit to foreclose his mortgage, then The Economy Mortgage Company might set up the fact of this prior mortgage and the proceedings by which it became the owner, and allege that that mortgage which was foreclosed and which it owned was a paramount mortgage and prior to that of Efros. It would then be a question for the court, with those questions before it, to determine, whether under the circumstances of that case⁻ The Economy Mortgage Company would be subrogated back to its place as mortgage holder which would place it ahead of the Efros mortgage. I say, we do not now decide that question because it is not now before us. We do say, however, that we do not think that the Mortgage Company could affirmatively maintain an action to have the court decide whether it could be subrogated back to its mortgage on its own application. So far as it may appear, Efros may never have asserted a claim or may never assert his mortgage, and so long as The Economy Mortgage Company is not interfered with it has no real complaint to make, nor could it plead affirmatively to have the court say that its mortgage exists on property which it itself owns.

We have reviewed this whole record and have spent much time in trying to unravel what is a difficult and complicated matter, and we have come to the conclusion that the Common Pleas Court was right in sustaining the demurrer, that this action could not be maintained and while holding the Court of Appeals of the Fourth District was within its power and right in permitting an amendment to the petition when it came to the Court of Appeals on appeal, yet, from the view we take of this, the amended petition does not give the plaintiff any right to maintain the suit that it is seeking to maintain, and we think that the demurrer to the petition must be sustained, and the petition dismissed, and if the plaintiff has any right in the premises, he must proceed in a different way to obtain it.

The decree will, therefore, be, demurrer sustained, petition dismissed.

Sullivan and Levine, JJ, concur.